**David LeBOUTILLIER, Appellant,**

v.

**AIR LINE PILOTS ASSOCIATION INTERNATIONAL, et al.**

No. 84-5940.

United States Court of Appeals, District of Columbia Circuit.

Argued Nov. 21, 1985.

Decided Dec. 13, 1985.

---

* Chief Judge Robinson did not participate in this order.

Robert F. Gore, with whom David T. Bryant, Springfield, Va., was on brief, for appellant. Rex H. Reed, Springfield, Va., also entered an appearance, for appellant.

Michael A. Katz, with whom Elliot H. Shaller, Washington, D.C., was on brief, for appellee, Trans World Airlines, Inc.

Eugene B. Granof, Washington, D.C., for appellee, Air Line Pilots Ass'n, Intern. Robert A. McCullough and Gary Green, Washington, D.C., were on brief, for appellee, Air Line Pilots Ass'n Intern.

Before WALD, MIKVA and GINSBURG, Circuit Judges.

Opinion PER CURIAM.

PER CURIAM.

Plaintiff-appellant David LeBoutillier, a former pilot-employee of Trans World Airlines (TWA), was discharged in the summer of 1983 because of his delinquency in paying service charges to the Air Line Pilots Association (ALPA). Without invoking the protest procedure specified in the TWA–ALPA contract governing his employment, LeBoutillier commenced this action against both the company and the union, seeking reinstatement, compensation, and other relief. TWA and ALPA successfully moved for summary judgment. The district court ruled, principally, that LeBoutillier's failure to invoke the contractual procedure for contesting the discharge barred the litigation. *LeBoutillier v. Air Line Pilots Association,* 603 F.Supp. 78 (D.D.C.1984).

As an independent, alternate ground for dismissing the action as to ALPA, the district court rejected in a footnote LeBoutillier's claim that the union had breached its duty of fair representation. The court stated that the fair representation principle "has no application" where, as in this case, the employee's dispute is with the union itself. *Id.* at 79 n. 1 (relying on *Kolinske v. Lubbers,* 712 F.2d 471, 481 (D.C.Cir.1983)). Further, the court stated why it would declare LeBoutillier's claim untenable on the merits even if his bypass of contractual remedies did not totally bar the litigation. *Id.* at 80–81.

We affirm on the basis of the dominant holding of the district court: LeBoutillier's failure to invoke the contractual mechanism for dispute resolution, we agree, precludes this action. We do not reach the question whether our opinion in *Kolinske* sweeps as broadly as the district court's footnote indicates; the issue whether a duty of fair representation could ever be implicated with respect to a discharge for delinquent obligations to a union is best left for adjudication in a case in which it is pivotal to the judgment. Nor do we have occasion to address the merits of LeBoutillier's claim.

The historic facts of the controversy are well stated in the district court's opinion, *LeBoutillier,* 603 F.Supp. at 79–80, and will not be repeated here. The express terms of the agency shop agreement be-

tween TWA and ALPA called for LeBoutil-lier's discharge. He so concedes. *See* Appellant's Reply Brief at 5 ("The defendant/appellees were properly interpreting and applying the agency shop to the facts of plaintiff's case."). He complains, however, that in practice the employer and union applied the agreement provision for discharge of pilots delinquent in their payments to ALPA "haphazardly and discriminatorily." Appellant's Opening Brief at 18.

Under the agreement between TWA and ALPA, as the district court observed, *LeBoutillier*, 603 F.Supp. at 80, a

> pilot who believes that his discharge for failure to pay the service charge obligation was improper may invoke a protest procedure. That procedure includes an appeal to the TWA vice president for labor relations, to be followed by a hearing before a neutral arbitrator. During the protest procedure, the employee retains his employment.

In his complaint LeBoutillier stated, in explanation of his immediate resort to court, only this:

> Plaintiff was not required to exhaust any contractual remedies before filing this lawsuit because it would have been futile for him to do so.

Complaint, Civil Action No. 83–3941, ¶ 18. The basis for this futility plea was nebulously presented to the district court. *See LeBoutillier*, 603 F.Supp. at 80 & n. 8. LeBoutillier elaborated in his Reply Brief and at oral argument that he was uncertain as to the precise point at which the dispute ripened, and that this uncertainty disabled him from triggering the grievance procedure in a timely manner. "[T]here is a serious question," LeBoutillier urges, "whether [he] was ever in a position to file a timely grievance under the agency shop." Appellant's Reply Brief at 4.

Had LeBoutillier invoked the protest procedure only to be turned away for filing too late, this would be a different case, one on which we express no opinion. But LeBoutillier never put his "futility" theory to the test by filing a protest once it became clear to him that he was indeed discharged

and would not be reinstated effortlessly through the unprompted grace of TWA and ALPA. As the district court said, "it was up to [LeBoutillier] to carry the reinstatement process forward by invoking the contractual protest procedure." *LeBoutillier*, 603 F.Supp. at 81.

In sum, we find not even a wisp of tenable argument justifying LeBoutillier's utter disregard of the contractual procedure for resolving disputes of the kind his case entails. Because there is in the record no reasonable explanation or excuse for LeBoutillier's total bypass of the labor-management contract's dispute resolution system, the district court's decision granting summary judgment to TWA and ALPA is

*Affirmed.*